# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1213V

| | | |
|---|---|---|
| B.T., | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: June 2, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Jessica Wallace*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Benjamin P. Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On April 15, 2021, B.T. filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he developed an ulnar neuropathy in his right upper extremity from receipt of an influenza ("flu") vaccine administered to him on September 19, 2018. Petition (ECF No. 1) at 1, 3. I dismissed the claim after briefing, and that determination was not appealed. Decision, dated Nov. 8, 2024 (ECF No. 46).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 23, 2025 (ECF No. 54). This is Petitioner's sole fees and costs requests. Petitioner requests attorney's fees and costs relating to the work performed by present counsel (Jessica Wallace of Siri & Glimstad, LLP ("Siri")) since her appearance in the matter, as well as attorney's fees and costs relating to the work performed by previous counsel (Diana Stadelnikas of mctlaw).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner requests a total of $107,074.37—reflecting $67,207.84 for Siri ($39,749.70 in attorney's fees, plus $27,458.14 in costs), and $39,866.53 for mctlaw ($38,844.00 in attorney's fees, plus $1,022.53 in costs). Motion for Siri, dated Apr. 23, 2025 (ECF No. 54) ("Mot. Siri"); Motion for mctlaw, dated Apr. 22, 2025 (ECF No. 52) ("Mot. mctlaw").

Respondent reacted to the interim fees request on May 5, 2025. *See* Response, dated May 5, 2025 (ECF No. 57) ("Resp."). Respondent is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2, 4. Petitioner filed a reply maintaining his position and requested that he be awarded the requested fees and costs as indicated. Reply, dated May 5, 2025 (ECF No. 58).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$107,074.37**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle him to a fees and costs award. Petitioner's injury was not disputed. And although he was ultimately unable to demonstrate that his receipt of the flu vaccine "did cause" his ulnar neuropathy, or that it occurred within a medically acceptable timeframe, it was a reasonably-disputed claim, the disposition of which was not self-evident from the start.[5] Thus (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

[5] I am, however, more likely in *future* cases involving ulnar neuropathies to scrutinize them more closely to see if they meet the standards set forth in my decision—and counsel could risk a fees reduction if it appears at the outset that the claim does not meet those standards.

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Altom Maglio (mctlaw Attorney)** | $420.00 | $445.00 | -- | -- | -- | -- |
| **Diana Stadelnikas (mctlaw Attorney)** | -- | -- | $490.00 | -- | -- | $605.00 |
| **Paraleglas (mctlaw)** | $160.00 | $165.00 | $170.00 | $180.00 | $190.00 | $205.00 |
| **Jessica Wallace (Siri Attorney)** | -- | $241.00 | $275.00 | $285.00 | $320.00 | $359.00 |
| **Paralegals (Siri)** | -- | -- | $174.00 | $180.00 | $187.00 | $195.00 |

ECF No. 52-1 at 17; Mot. Siri at 2, 3.

Ms. Stadelnikas and the other mctlaw attorneys participating in this case practice in Washington, D.C.—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested (including newly-requested 2025 rates specific to Ms. Stadelnikas) are also consistent with what has previously been awarded for their time, in accordance with the office of Special Masters' fee schedule.[6] *Alcala Huerta v. Sec'y of Health & Hum. Servs.*, No. 21-2100V, 2024 WL 1859820 (Fed. Cl. Spec. Mstr. Apr. 4, 2024). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal times at the provided rates.

Ms. Wallace practices in Aventura, FL. The requested rates (including newly-requested 2025 rates) are reasonable and consistent with what has previously been award for her time, in accordance with the office of Special Masters' fee schedule. *See Knouse v. Sec'y of Health & Hum. Servs.*, No. 22-1777V, 2024 WL 4312142, at *1 (Fed. Cl. Spec. Mstr. Aug. 19, 2024) (awarding

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited June 2, 2025).

2024 rates for Ms. Wallace). Similarly, I find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal times at the provided rates.

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2012 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,022.53 in costs incurred by her prior counsel at mctlaw, including the filing fee, medical record retrieval costs, and mailing costs. ECF No. 52-2 at 1–2. Such costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the amounts at issue questionable. Thus, they shall be awarded in full without reduction.

Petitioner also seeks $27,458.14 in costs incurred by current counsel at Siri, including mailing costs, research costs, and costs associated with two experts, Dr. Carlo Tornatore and Dr. Pradeep Chopra. ECF No. 54-1 at 28–29. Dr. Tornatore prepared two written reports in this matter. He submitted an invoice reflecting a total of $24,750.00 (billing at an hourly rate of $500.00 for 49.5 hours of work, and having received a retainer fee of $2,000.00). *Id.* at 32. Dr. Chopra reviewed the relevant medical records and submitted an invoice reflecting a total of $2,560.00 (billing at an hourly rate of $400.00 for 6.4 hours of work). *Id.* at 34. These expert costs were reasonably incurred, and I find the sum was reasonable for the work performed. Thus, I do not find any reason to make any reductions.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$107,074.37**, reflecting (a) $39,866.53 in attorney's fees and costs, to be paid through an ACH deposit to mctlaw's IOLTA account for prompt disbursement; and (b) $67,207.84 in attorney's fees and costs, to be paid through an ACH deposit to Petitioner's current counsel's IOLTA account.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.